IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
BAMFORD, INC., a Nebraska      )
business corporation,          )
                               )
            Plaintiff,         )       8:13CV200
                               )
      v.                       )
                               )
REGENT INSURANCE COMPANY,      )       MEMORANDUM AND ORDER
a Wisconsin business           )
corporation,                   )
                               )
            Defendant.         )
_____)
```

      This matter is before the Court on the motion (Filing No. 85) of defendant Regent Insurance Company ("Regent") for partial summary judgment on the issue of plaintiff Bamford ("Bamford") Inc.'s damages for "loss of business opportunities." After review of the briefs, indices of evidence, and relevant case law, the Court finds as follows.

I.    FACTS

      This case concerns a breach of the fiduciary duties of good faith and fair dealing between Regent and its insured client, Bamford. Bamford was in litigation regarding a vehicle accident, and Regent supplied Bamford's legal counsel. Instead of accepting settlement offers, Regent insisted upon a trial. After the jury determined damages, the parties entered into post-verdict settlement negotiations. Regent paid approximately $6,000,000 and Bamford paid $1,999,996.49 out-of-pocket. Filing No. 87, at 2.

      Bamford claims three kinds of damages from the initial case, the settlement damages, attorney fees, and "loss of

business opportunities" damages. This motion concerns the "lost-business-opportunities" form of damages. Bamford elected to pay its out-of-pocket expenses from an Edward Jones investment account. According to Bamford, that investment account increased significantly in value after Bamford withdrew its funds. But for Bamford's withdrawal from its investment account, Bamford "los[t] business opportunities in the amount of $24,865.32 by losing investment value of reserve assets in order to pay $1,999,996.49." Filing No. 87, at 3 (citing Filing No. 1). Since the filing of the complaint, Bamford's president, Roger Scheidies, believes that figure increased to $540,766.12 and Bamford has amended its complaint accordingly (Filing No. 92).

II. LEGAL STANDARDS

A motion for summary judgment shall be granted by the Court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Wood v. SatCom Marketing, L.L.C.*, 705 F.3d 823, 828 (8th Cir. 2013).

The moving party bears the burden to establish that no genuine issue of material fact exists. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party does not meet its initial burden, summary judgment must be denied even if no affidavits or other evidence have been submitted in opposition to the motion. *See id.* at 159-60. After the moving party has met its burden, "the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Singletary v. Mo. Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

III. DISCUSSION

The issue before the Court is whether Bamford's lost-business-opportunity damages is foreseeable. The Court finds the lost investment value is not foreseeable.

Regent has provided persuasive argument from the Sixth Circuit which addresses the issue before this Court directly. Filing No. 87, at 8 (citing *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 327 (6th Cir. 2011); citing also *Layne v. Bank One, Ky., N.A.*, 395 F.3d 271, 277, n.7 (6th Cir. 2005); *Or. Steel Mills, Inc. v. Coopers & Lybrand, L.L.P.*, 83 P.3d 322, 329-30 (Or. 2004)); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992). In *Vertas*, the Sixth Circuit found that Kentucky law would "deny recovery of compensatory damages arising from currency market fluctuations wholly unrelated to the defendant's conduct [because t]hese damages are unforeseeable."

*Ventas*, 647 F.3d at 327 (citing *Or. Steel Mills*, 336 Or. 329, 83 P.3d 322, 329-30). Likewise, Bamford's "lost-business-opportunity" damages are unrelated to Bamford's injury and unforeseeable. Bamford elected to withdraw its funds from its investment account. Regent did not cause Bamford to liquidate assets from this specific account. However Bamford chose to finance its settlement agreement, those options were not within Regent's control. Regent could not have foreseen Bamford would remove money from its investment account and that the account would appreciate substantially in value. Conversely, the Court agrees with Regent when it argues, if the account decreased substantially in value, Bamford's damages would not sustain a downward departure.

Therefore, as a matter of law, plaintiff may not recover the difference in the value of "investment" funds that it liquidated to pay its share of the settlement with a third party at the time of settlement and the value that plaintiff estimates such funds would have achieved as of May 19, 2014, had it not liquidated the fund to settle its claims. Accordingly,

IT IS ORDERED:

1) Defendant's motion (Filing No. 85) for partial summary judgment is granted.

2) Plaintiff's request for damages for loss of business opportunities is denied as a matter of law.

DATED this 15th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

‎‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
LYLE E. STROM, Senior Judge
United States District Court