FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

NOV 1 4 2014

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BAMFORD, INC., a Nebraska business corporation, ) | Case No. 8:13-CV-00200-LES-TDT |
| ) | |
| Plaintiff, ) | **ORDER ON** |
| ) | **FINAL PRETRIAL** |
| vs. ) | **CONFERENCE** |
| ) | |
| REGENT INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

A final pretrial conference was held on the 14th day of November, 2014. Appearing for the parties as counsel were:

Robert O. Hippe and Robert G. Pahlke, attorneys for the Plaintiff

Thomas J. Culhane and Bonnie M. Boryca, attorneys for the Defendant

**(A)   Exhibits.** See attached Exhibit List. *Supplemental exhibit list due by 11/5/15.*

**(B)   Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.     Regent issued its Commercial Automobile Liability Insurance Policy # CBA 0289681 to Bamford effective from July 1, 2008 to July 1, 2009. The coverage limit on this policy was $1,000,000. Regent also issued its Commercial Liability Umbrella Coverage Insurance Policy # CCI 0289681 to Bamford for the same effective dates. The coverage limit on this policy was $5,000,000.

2.     On May 11, 2009, at 8:35 a.m. a two-vehicle motor vehicle collision occurred on the eastbound lanes of Interstate 80 in Dawson County, Nebraska. In one of the vehicles, Michael J. Packer was driving a 1999 Chevrolet SK2 pickup truck owned by Bamford, Inc., while employed by, and working within the scope and course of his employment with, Bamford. Mr. Packer died at the scene of the accident. In the other vehicle, Bobby R. Davis was driving a 2004 Volvo tractor with a semi-trailer.

3.     As a result of this collision, Bobby R. Davis made a claim against Bamford and the estate of Michael J. Packer for permanent personal injuries, and Brenda Davis, his wife,

made a claim for loss of consortium. The defendant was notified of the collision and assigned claim # 090-09-02176 to the claim. The defendant promptly undertook investigation, evaluation, and defense of this claim for Bamford and the estate of Michael J. Packer.

4.      Texas attorney Thomas W. Fee filed a lawsuit for Bobby and Brenda Davis against Bamford and the estate of Michael J. Packer. The lawsuit was filed at Case No. 8:11CV69 filed in the United States District Court for the District of Nebraska on February 21, 2011.

5.      Between August 5, 2010 and June 24, 2012, Mr. Fee, as attorney for Bobby and Brenda Davis, made various offers to settle their claims. Brian Nolan, as attorney for Bamford and the estate of Michael J. Packer, also made various offers to settle the Davis claims.

6.      The final offer made by Bobby and Brenda Davis to settle their claims was on June 24, 2012, in the amount of $3,900,000. The final offer made by Regent to settle the Davises' claims was on June 24, 2012, in the amount of $2,050,000. On June 25, 2012, the claims of Bobby and Brenda Davis went to jury trial in Omaha, Nebraska. Bamford's attorney, Mr. Nolan, attempted to continue settlement negotiations on the day of trial with the Davises' attorney, Mr. Fee, but Mr. Nolan's attempts were rebuffed by Mr. Fee. On July 3, 2012, the jury returned a verdict for Bobby Davis for damages in the total amount of $9,521,757.18 and for Brenda Davis for loss of consortium of $1,100,000. Total damages awarded by the jury against Bamford and the estate of Michael Packer amounted to $10,621,757.18.

7.      Regent filed an appeal of the judgment on behalf of Bamford and the estate of Michael Packer. Before the appeal was decided, the Davises and Regent agreed to hold a mediation. At mediation, the case settled for a total sum of $7,926,545.00. Of that amount, Regent paid $5,926,548.51, which was the remaining limits of the automobile policy and the umbrella policy, and Bamford paid $1,999,9996.49.

**(C)   Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

Plaintiff believes the issues should be stated as follows:
1.      Whether Regent Insurance Company owed Bamford, Inc. a fiduciary duty of good faith and fair dealing in its handling of the Davis claim.
2.      Whether Regent Insurance Company breached that fiduciary duty by:
        a.      An unwarranted rejection of an offer to settle within the policy limits;

2

      b.     A complete and total failure to take into account the potential liability of its insured for an excess judgment;

      c.     Failure to timely and adequately communicate with Bamford about adverse interests between Regent and Bamford and the potential value of the case; or

      d.     Failure to give the same consideration to Bamford's interests as it did to its own interests.

3.     The nature and extent of any damages caused to Bamford, Inc. by Regent's breach of its fiduciary duty.

Defendant believes the issues should be stated as follows:

1.     Whether Regent Insurance Company exercised good faith in its dealings with its insured, Bamford, Inc., while handling and defending the Davis claims.

2.     Whether any failure to exercise good faith by Regent Insurance Company, if any, caused any damages to Bamford, Inc. and the nature and extent of any such damages.

The following will need to be resolved by the court prior to trial:

1.     Defendant's motion for summary judgment on all remaining issues is currently pending.

2.     Defendant's motion to exclude expert testimony of Rob Dietz is currently pending.

3.     Plaintiff's motion to compel discovery is currently pending.

4.     Defendant intends to file motions in limine in advance of trial.

     **(D)**    **Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Witness the Plaintiff expects to present are:

1.     Matthew Morrison, Sun Prairie, WI, by deposition
2.     Daniel M. Placzek, Grand Island, NE
3.     Regent Insurance Co., by 30(b)(6) deposition
4.     Wesley A. Robin, J.D., CPCU, Alpharetta, GA, by deposition
5.     Roger Scheidies, Kearney, NE

6.      Matthew Valley, by deposition, Middleton, WI

Witnesses the Plaintiff may call if the need arises:

1.      Donna Bamford, Kearney, NE
2.      Lynda S. Frenzen, Scottsbluff, NE, foundational witness only for list of
        significant jury verdicts and potential claims file documents furnished by Regent
3.      Kathryn L. Hartnett, Address and Phone unknown
4.      Brian D. Nolan, Omaha, NE

All witnesses expected to be called to testify by defendant, except those who may be
called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.      Brian Nolan, Omaha, NE
2.      Stephen Ahl, Lincoln, NE

Defendant may call the following witnesses if the need arises:

1.      Wesley Robin, by video deposition, Alpharetta, GA
2.      Matthew Morrison, in his individual capacity and as Rule 30(b)(6) witness for the
        defendant, by video deposition, Sun Prairie, WI
3.      Malcolm McGregor, Dallas, TX
4.      Matthew Valley, by video deposition, Middleton, WI

It is understood that, except upon a showing of good cause, no witness whose name and
address does not appear herein shall be permitted to testify over objection for any purpose except
impeachment. A witness whose only testimony is intended to establish foundation for an exhibit
for which foundation has not been waived shall not be permitted to testify for any other purpose,
over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil
Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other
party.

**(E)     Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their
qualifications are:

1.      The first expert witness is Robert Dietz, and his CV is attached at the end of this
        order.
2.      The second expert witness is Daniel Placzek, and his CV is attached at the end of
        this order.

4

Experts to be called by defendant and their qualifications are:

1.      The first expert witness is James Cerone, and his CV is attached at the end of this order.

2.      The second expert witness is Bill Lamson, and his CV is attached at the end of this order.

**(F)     Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Plaintiff suggests a total of 45 minutes for each to conduct the voir dire. Defendant suggests a total of 30 minutes for each to conduct the voir dire.

**(G)     Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1. Plaintiff suggests that this matter be tried to a jury composed of 8 members. Defendant suggests that this matter be tried to a jury composed of 12 members.

**(H)     Verdict.**  The parties will not stipulate to a less-than-unanimous verdict.

**(I)     Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

By reason of NECivR 39.2(a) and 51.1(a) the deadline for trial briefs, and proposed jury instructions is ~~December 1, 2014.~~ *January 5, 2015.   Deliver to judge trial exhibit notebook and deposition notebook (Judge's copy). January 15, 2015.*

**(J)     Length of Trial.**  Counsel estimate the length of trial will consume not less than 5 days, not more than 5 days, and probably about 5 days.

**(K)     Trial Date.**  Trial is set for ~~December 8, 2014.~~

*January 26, 2015.*

*Deposition and Discovery designations are ~~~~ to be filed on or before December 1, 2014. Any objection to be filed on or before December 12, 2014. The court will rule on such objections in advance in order to allow counsel to edit deposition (written or video) and edit any discovery document.*

Dated: November 12, 2014

BAMFORD, INC., Plaintiff

By /s/ Robert O. Hippe
   Robert O. Hippe, NSBA# 11857
   Robert G. Pahlke, NSBA# 13201
   THE ROBERT PAHLKE LAW GROUP, PC, LLP
   2425 Circle Drive, Suite 200
   Scottsbluff, Nebraska 69363-1224
   Telephone (308) 633-4444
   Facsimile (308) 633-4445
   bhippe@pahlkelawgroup.com
   rgp@pahlkelawgroup.com

   11|14|14

Dated: November 12, 2014

REGENT INSURANCE COMPANY, Defendant

By /s/ Thomas J. Culhane
   Thomas J. Culhane, NSBA# 10859
   Bonnie M. Boryca, NSBA #24886
   ERICKSON │ SEDERSTROM, P.C.
   10330 Regency Parkway Drive
   Omaha, NE 68114
   (402) 397-2200
   (402) 390-7137 FAX
   culhane@eslaw.com
   boryca@eslaw.com

BY THE COURT:

6

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| BAMFORD, INC., a Nebraska business corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| REGENT INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) |

LIST OF EXHIBITS

Case Number:  8:13-cv-0200
Courtroom Deputy:
Court Reporter:

Trial Date(s):

Exhibit numbers up to 147 correspond to deposition exhibit numbers.  Numbers 147 and higher are unique numbers given by plaintiff and defendant for trial and do not exactly correspond to deposition exhibits.

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 4 | | Guidelines for Attorneys Providing Legal Services to all QBE Companies and Insureds | | R, H, 403 | | | |
| 6 | 6 | 05-16-09, 05-18-09 email string Between Diana Gragson and Dan Lindstrom plus attached documents | | | ✓ | | |
| 10 | | Copy of filed Verdict Form in Davis v. Bamford | | | ✓ | | |
| 12 | | Study entitled "Urbanicity, Income and Jury Verdict Amounts in Civil Litigation" | | R, H, 403 | | | |
| 13 | | Nebraska Significant Jury Verdicts, Personal Injury-Death table | | R, H, F, 403 | | | |
| 14 | | The four and ½ foot pipe (actual pipe) | | R, A, 403 | | | |
| 15 | | Mr. Fee's first policy limits settlement offer with attachments 1,351 pages | | H, 403 | | | |

list is subject to additions dependent on ruling on motion in limine - within 5 days of ruling.

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|-----|-------------|-----|-----|------|----------|------|
| 16 | 16 | Adjuster's Diary 169 pages | | | ✓ | | |
| | 17 | E-mail, Claimmail to Nolan, Sep. 22, 2010 | | | ✓ | | |
| | 18 | E-mail, Nolan to Claimmail, Sept. 22, 2010 | | | ✓ | | |
| 19 | | Placzek's first letter demanding settlement within policy limits 08/23/2010 | | | ✓ | | |
| 20 | | Placzek's second letter demanding settlement within policy limits 10/03/2011 | | | ✓ | | |
| 21 | | Placzek's third letter demanding settlement within policy limits 04/09/2012 | | | ✓ | | |
| 22 | | Placzek's fourth letter demanding settlement within policy limits 06/07/2012 | | | ✓ | | |
| 23 | | Placzek's fifth letter demanding settlement within policy limits 06/19/2012 | | | ✓ | | |
| 27 | | Medical illustration of the injuries | | R, H, A, 403 | | | |
| 28 | | Dr. Kerry Buser's trial testimony from appendix | | R, H, 403 | | | |
| 29 | 29 | Matt Valley's email to Nolan to send letter of representation 8-20-2010 | | | ✓ | | |
| 30 | 30 | Nolan's 8-26-2010 letter of representation to Roger Scheidies | | | ✓ | | |
| | 32 | Letter, Nolan to Robin, Mar. 14, 2011 | | | ✓ | | |
| 35 | | Nolan-Jury valuation comparison chart (full size chart) | | R, H, A, 403 | | | |
| 36 | 36 | Nolan-Gerdes 09-29-2010 emails on mediation Case not worth $1 m | | | ✓ | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|-----|-------------|-----|-----|------|----------|------|
| 37 | | Fee-Nolan 9-14-2010 letter with Fullbright Neuropsych opinion and Med Releases | | R, H | | | |
| | 38 | E-mails, Nolan to Fee, Sep. 29, 2010 | | | ✓ | | |
| | 39 | Letter Nolan to Robin with Pretrial Report, May 4, 2012 | | | ✓ | | |
| 40 | | Table of Nolan evaluations from $1 mil to $3 mil | | | ✓ | | |
| | 44 | Email, Robin to Nolan, Apr. 27, 2012, with attachment | | | ✓ | | |
| | 47 | Letter, Ahl to Robin, Nov. 5, 2011 | | | ✓ | | |
| 50 | | Ahl Jury valuation comparison chart (full size chart) | | R, H, A, 403 | | | |
| 51 | 51 | Large Loss Notice Robin's 10-30-2011 | | | ✓ | | |
| 52 | | 1 foot pipe from Robin's Depo (actual pipe) | | R, H, A, 403 | | | |
| 53 | | Robin-Dunn email string preparing for first Large Loss Notice 9-28 to 30-2011 | | | ✓ | | |
| 54 | 54 | Large Loss Notice Robin's 11-20-2011 | | | ✓ | | |
| 55 | | Eric Spencer's cautiously optimistic email string changing 1st Robin Large Loss Notice | | | ✓ | | |
| 56 | 56 | Large Loss Notice Robin's 05-31-2012 | | | ✓ | | |
| 57 | | Valuation comparison Robin-Jury Chart | | R, H, A, 403 | | | |
| 58 | 58 | 6-19-2012 to 6-25-2012 email string requesting authority for $3 million offer | | | ✓ | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|----|-------------|-----|-----|------|----------|------|
| 59 | | Claim and Trial Summary | | R, H, A, 403 | | | |
| | 60 | E-mail, Fee to Nolan, June 21, 2012 | | | ✓ | | |
| 61 | | 07-04-2012 emails Harring-Rumpler reporting adverse verdict | | R, H, A, 403 | | | |
| 62 | | Fee and Nolan emails showing the last minute offers $3.9 mil and settle in the $3mil range | | | ✓ | | |
| 63 | 63 | Diana Gragson Large Loss Notice reserving the first $1,000,000 | | | ✓ | | |
| 64 | 64 | Reserve History sheets on the umbrella coverage | | | ✓ | | |
| 65 | | Rich Dockendorf certification of policy with umbrella coverage | | R, H, 403 | | | |
| 66 | 66 | Valley-Fee emails setting up the first mediation 05-12-2010 | | | ✓ | | |
| 67 | 67 | Gilbert FAX to Valley setting the first Sept 14 mediation 06-03-2010 | | | ✓ | | |
| 68 | 68 | Valley-Nolan emails hiring Nolan to help QBE value & negotiate claim 07-07-2010 | | | ✓ | | |
| 69 | 69 | Valley-Nolan letter sending disc of file on 07-15-2010 | | | ✓ | | |
| 70 | 70 | Valley-Fee emails reminding to get a demand letter 07-07-2010 | | | ✓ | | |
| 71 | 71 | Partial email Valley-Nolan for letter of representation undated (like Ex 029) | | | ✓ | | |
| 72 | | Nolan's 08-26-2010 emails with letter of representation | | | ✓ | | |
| 73 | | Valley-Nolan emails showing Valley's last work 09-16-2010 | | | ✓ | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 74 | E-mail, Valley to Fee, May 12, 2010 | | | ✓ | | |
| | 75 | E-mail, Valley to Fee, Jul. 7, 2010 | | | ✓ | | |
| | 76 | E-mail, Valley to Estes, Sep. 1, 2010 | | | ✓ | | |
| | 78 | E-mail, Fee to Valley, Sep. 23, 2010, with attachment | | | ✓ | | |
| 96 | 96 | Billing Statements of Placzek | | | ✓ | | |
| 109 | | Bamford's Account Sheet paying Placzek's Bills 9-24-10 through 3-6-13 | | H, A | | | |
| 111 | | Bamford's Withdrawal from Edward Jones and Wire funds to Tom Fee | | H, A, R | | | |
| 112 | | Jeff Orr email to Scheidies and Charles Bamford, 05-18-2009. Says insurance company assigned defense to Orr firm | | | ✓ | | |
| 113 | 113 | Gragson Letter to Gregg and Scheidies referring file to Jeff Orr law firm 05-19-2009 | | | ✓ | | |
| 114 | | Chris Bond email to Scheidies 06-15-2010 about seriousness of claim and amount of limits | | R, H, A | | | |
| 115 | | Tom Fee Letter to James Bamford 07-12-2010 suggesting case is over limits and get an attorney | | R, H, A | | | |
| 119 | | Rob Dietz CV and Testimony List | | R | | | |
| 121 | | Communications to Rob Dietz from Pahlke Law Firm listing documents to review | | R | | | |
| 130 | | Dan Placzek CV | | | ✓ | | |
| 138 | | Documentation of documents sent to Expert Dan Placzek by Pahlke Law Group | | R | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|-----|-------------|-----|-----|------|----------|------|
| 142 | | Significant Verdict table with attached verdicts (pp. 6-28 of Ex. 142) | | R, H, A, F, 403 | | | |
| 147 | | Regent's Answers to Plaintiff's Interrogatories (Set 1), Nos. 1, 2, 5, 10 and 11 | | R, 403 | | | |
| 148 | | Regent's Response to Plaintiff's Requests for Admissions (Set 1), Nos. 1 through 18, 21 through 30, and 33 with attached exhibits | | R, H, 403 | | | |
| 149 | | Defendants' Offer of Judgment made in Davis v. Bamford, Case No.8:11-cv-69, Doc. #80, with unsigned copy Bates Bamford 009806-009807 Initial Disclosures | | R, H, A, F | | | |
| | 201 | Letter, Nolan to Valley, Sep. 2, 2010 (from Depo. Ex. 139 and Depo. Ex. 77) | | | ✓ | | |
| | 202 | Letter, Nolan to Benzene, Sep. 23, 2010 (from Depo. Ex. 139) | | | ✓ | | |
| | 203 | Letter, Nolan to Gerdes, Nov. 8, 2010 (from Depo. Ex. 139) | | | ✓ | | |
| | 204 | Letter, Nolan to Gerdes, Nov. 29, 2010 (from Depo. Ex. 139) | | | ✓ | | |
| | 205 | Letter, Nolan to Gerdes, Dec. 29, 2010 (from Depo. Ex. 139) | | | ✓ | | |
| | 206 | Letter, Nolan to Robin, Mar. 17, 2011 (from Depo. Ex. 139) | | | ✓ | | |
| | 207 | Letter, Nolan to Robin, Apr. 11, 2011 (from Depo. Ex. 139) | | | ✓ | | |
| | 208 | Letter, Nolan to Robin, June 2, 2011 (from Depo. Ex. 139) | | | ✓ | | |
| | 209 | Letter, Nolan to Robin, Jul. 21, 2011 (from Depo. Ex. 139) | | | ✓ | | |
| | 210 | Letter, Nolan to Robin, Sep. 22, 2011 (from Depo. Ex. 139) | | | ✓ | | |
| | 211 | E-mail, Nolan to Robin, Oct. 2, 2011 (from Depo. Ex. 139) | | | ✓ | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 212 | Memorandum by Hartnett, Mar. 12, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 213 | Memorandum by Hartnett, Mar. 28, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 214 | Letter, Nolan & Hartnett to Robin, Apr. 3, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 215 | Letter, Nolan to Robin with Pretrial Report (copied to Dan Placzek), May 4, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 216 | Letter, Nolan to Robin, June 6, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 217 | E-mail, Nolan to Robin, June 17, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 218 | Email, Nolan to Robin, June 29, 2012 (from Depo. Ex. 139) | | | ✓ | | |
| | 219 | Curriculum Vitae of James Cerone | | | ✓ | | |
| | 220 | Curriculum Vitae of William Lamson | | | ✓ | | |
| **Exhibits Plaintiff May Use:** | | | | | | | |
| 7 | | Log notes from claim system- 07-15-10 letter to Brian Nolan from Matthew Valley | | | | | |
| 8 | | Packet of materials pertaining to roundtable of May 15, 2012 | | R, H, A, 403 | | | |
| 24 | | Placzek's sixth letter demanding settlement within policy limits after verdict 07/11/2012 | | R, H, 403 | | | |
| 25 | | Placzek's seventh letter demanding settlement within policy limits after verdict 07/31/2012 | | R, H, 403 | | | |
| 26 | | Placzek's letter acknowledging Bamford's share of settlement | | | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|----|-------------|-----|-----|------|----------|------|
| 31 | | Neb R of Prof Responsibility § 3-501.7 Conflict of Interest | | R, H, A, 403 | | | |
| 32 | | Nolan's 3-14-2011 letter to Wes Robin discussing Packer's application for employment | | | | | |
| 33 | | Roser 8th Cir opinion insurance lawyers favor those giving business & paying bills | | R, H, A, 403 | | | |
| 41 | | Table of Iowa verdicts | | R, H, A, F, 403 | | | |
| 42 | | Summary of Polk Co Iowa plaintiff verdict of over $32 mil | | R, H, A, F, 403 | | | |
| 43 | | Table of Wyoming verdicts | | R, H, A, F, 403 | | | |
| 44 | | Wes Robin's 4-27-2012 email to Hartnett Let's Play Hardball | | R, 403 | | | |
| 45 | | 202 pages of Nolan's audited legal bills | | R, H, A, F, 403 | | | |
| 46 | | Fee-Nolan email string 6-22-2012 posturing in last-minute negotiations | | | | | |
| 47 | | Ahl valuation letter to Robin, 11-3-11 | | | | | |
| 48 | | Ahl legal bills on invoice recaps | | R, H, A, F, 403 | | | |
| 49 | | Ahl's web site showing Gen Casualty as a client | | R, H, A, F, 403 | | | |
| 79 | | Photograph of Wrecked Truck, Trial exhibit 23 | | R, H, A, F, 403 | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|-----|-------------|-----|-----|------|----------|------|
| 80 | | Photograph of Pipe Damaged end, Trial exhibit 3 | | R, H, A, F, 403 | | | |
| 83 | | Fee to Nolan Demand Letter 6-19-2012 documenting the 13 items of damages | | | | | |
| 84 | | Excerpt of Geoffrey Davis Trial Testimony about the fire and diesel fuel | | R, H, A, F, 403 | | | |
| 85 | | Excerpt of Geoffrey Davis Trial Testimony about keeping the fire from Bobby Davis | | R, H, A, F, 403 | | | |
| x | | Any other exhibit defendant has put in the defendant's column | | | | | |
| **Exhibits Defendant May Use:** | | | | | | | |
| | 83 | Letter, Fee to Nolan, June 19, 2012 (Depo. Ex. 83) | | | | | |
| | 46 | E-mails, Nolan to Robin and Fee to Nolan, June 22, 2012 (Depo. Ex. 46) | | | | | |
| | 37 | Letter, Fee to Nolan, Sep. 14, 2010 (Depo. Ex. 37) | | | | | |
| | 97 | Letter, Placzek to Valley, Aug. 23, 2010 (Depo. Ex. 97) | | | | | |
| | 112 | E-mail, Orr to Bamford, May 18, 2009 (Depo. Ex. 112) | | | | | |
| | 19 | Letter, Placzek to Nolan,  Oct. 3, 2011, (Depo. Ex. 19) | | | | | |
| | 22 | Letter, Placzek to Nolan,  June 7, 2012, (Depo. Ex. 22) | | | | | |
| | 23 | Letter, Placzek to Nolan,  June 19, 2012, (Depo. Ex. 23) | | | | | |
| | 55 | E-mails, Dunn to Robin, et al., Oct. 30-31, 2011, Nov. 7-9, 2011, Nov. 20, 2011 (Depo. Ex. 55) | | | | | |
| | 70 | E-mail, Fee to Valley, Jul. 7, 2010 (Depo. Ex. 70) | | | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|-----|-----|-------------|-----|-----|------|----------|------|
| | 62 | E-mails, Fee to Nolan,  June 24, 2012 (Depo. Ex. 62) | | | | | |
| | 26 | Letter, Placzek to Culhane & Meusey, Dec. 19, 2012 (Depo. Ex. 26) | | R<br><br>F | | | |
| | 221 | E-mail, Robin to McGinnis, with attachment (Confidential QBE-011989-011992) | | | | | |
| | x | Any other exhibit listed by Plaintiff | | | | | |

**OBJECTIONS**

    R: Relevancy
    H: Hearsay
    A: Authenticity
    F: Foundation
    403: Federal Rule of Evidence 403
    O: Other (specify)

Dated: November 12, 2014

BAMFORD, INC., Plaintiff

By  /s/ Robert O. Hippe
    Robert O. Hippe, NSBA# 11857
    Robert G. Pahlke, NSBA# 13201
    THE ROBERT PAHLKE LAW GROUP, PC, LLP
    2425 Circle Drive, Suite 200
    Scottsbluff, Nebraska 69363-1224
    Telephone (308) 633-4444
    Facsimile (308) 633-4445
    bhippe@pahlkelawgroup.com
    rgp@pahlkelawgroup.com

Dated: November 12, 2014

REGENT INSURANCE COMPANY, Defendant

By  /s/ Thomas J. Culhane
    Thomas J. Culhane, NSBA# 10859
    Bonnie M. Boryca, NSBA #24886
    ERICKSON │SEDERSTROM, P.C.
    10330 Regency Parkway Drive
    Omaha, NE 68114
    (402) 397-2200
    (402) 390-7137 FAX
    culhane@eslaw.com
    boryca@eslaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BAMFORD, INC., a Nebraska business
corporation,

        Plaintiff,

v.

REGENT INSURANCE COMPANY, a
business corporation in Wisconsin,

        Defendant.

CASE NO: 8:13-cv-00200

**OBJECTIONS TO PLAINTIFF'S
DEPOSITION AND DISCOVERY
DESIGNATIONS**

Defendant Regent Insurance Company states the following objections to the deposition testimony and discovery responses designated by Plaintiff Bamford Inc. to be offered at trial of this matter:

1. Matthew Morrison March 5, 2014 deposition. Defendant objects as follows:

    11:13-14:23, relevance

    16:18-17:24, relevance

    18:19-21:07, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion, form of certain questions

    29:5-9, form of the question

    36:16-40:22, relevance

    42:7-43:12, relevance

    45:24-47:20, relevance, hearsay, lack of foundation

    63:11-17, lack of foundation

    64:24-65:4, form of the question

    68:14-19, form of the question

    69:4-70:3, form of the question

    70:11-72:7, form of the question

    72:14-73:5, form of the question

    73:15-24, form of the question

    74:5-24, form of the question

75:16-76:03, form of the question

127:09-127:22, form of the question, lack of foundation

129:08-129:13, form of the question

133:01-138:05, relevance, hearsay, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion, form of certain questions

139:19-141:14, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

154:2-9, form of the question

154:23-155:2, form of the question

2. Matthew Morrison May 6, 2014 deposition pursuant to Rule 30(b)(6). Defendant objects as follows:

31:14-34:22, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

36:15-38:20, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

82:3-97:7, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

88:6-23, form of the question

3. Matthew Valley May 6, 2014 deposition. Defendant objects as follows:

32:17-33:10, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

50:9-12, question misstates the evidence

54:13-20, form of the question

54:21-56:19, form of the question, calls for speculation

59:11-20, form of the question, lack of foundation

63:1-22, form of the question

64:5-13, form of the question

4. Wesley Robin April 25, 2014 deposition. Defendant objects as follows:

51:6-12, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

58:15-24, form of the question

64:17-77:6, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion, form of certain questions

77:19-80:20, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

94:6-9, form of the question

104:10-105:18, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion, form of certain questions

127:15-131:23, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

135:17-136:2, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

137:7-139:23, relevance, lack of foundation, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

160:11-17, relevance, form of the question

164:21-165:11, form of the question

166:16-22, form of the question

167:2-18, form of the question

168:12-20, form of the question

168:22-169:15, form of the question

170:11-171:8, form of the question, argumentative

173:4-9, form of the question

179:16-21, form of the question

179:23-180:3, form of the question

180:5-14, nonresponsive answer

180:16-181:20, form of the question, lack of foundation, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

186:12-190:9, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion, form of certain questions

192:11-18, form of the question

197:24-198:14, form of the question, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

5. Regent's Answers to Plaintiff's Interrogatories (Set I). Defendant objects as follows:

No. 5: relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

No. 10: relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

No. 11: relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion

6. Regent's Response to Plaintiff's Requests for Admissions (Set 1). Defendant objects as follows:

Exhibits A-I, K-O, and Q, relevance, Rule 403—probative value is substantially outweighed by risk of undue prejudice and confusion, duplicative of other exhibits.

Dated November 13, 2014.

                                    REGENT INSURANCE COMPANY,
                                      Defendants,

                            By:   /s/ *Thomas J. Culhane*
                                      Thomas J. Culhane, #10859
                                      Bonnie M. Boryca, #24886
                                      ERICKSON | SEDERSTROM, P.C.
                                      10330 Regency Parkway Drive
                                      Omaha, NE 68114
                                      (402) 397-2200
                                      (402) 390-7137 Fax
                                      culhane@eslaw.com
                                      boryca@eslaw.com
                                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served on November 13, 2014 upon:

Robert O. Hippe
Robert Pahlke
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
P O Box 1224
Scottsbluff, NE 69363-1224

by: [     ]     U.S. Mail, postage prepaid
[     ]     Court's Electronic Filing System
[  x  ]     E-mail
[     ]     Facsimile Transmission
[     ]     Hand Delivery
[     ]     Overnight Courier
[     ]     Certified Mail, Return Receipt Requested

_____

# ROB DIETZ

360-652-2760          PMB 390
360-652-3476 fax        3405 172nd ST NE
Email crabdietz@msn.com        Arlington, WA 98223

## CURRICULUM VITAE

**Employment**

### Insurance Claims Consulting, Inc.
### Consultant/Expert August 2001 to present

Case analysis, litigation support, claims practices and procedures, bad faith, expert testimony, mediation preparation and participation. I accept both plaintiff and defense cases.

I require a $2500 retainer on any case I accept. The retainer is fully earned though I bill against it. Billing rates are $100/hour travel; $200/hour consulting; $300/hour testimony, with a four hour minimum charged in addition to travel and expenses; prepayment required.

### Farmers Insurance Exchange 1987-2001

Positions Held

- Large Loss Adjuster for the National Liability Claims Center, 2000-2001.
  Claim management of catastrophic/complex liability claims for the state of Washington and Oregon, with $250,000 settlement authority.
- Attorney/Litigation Negotiator, 1993-2000.
  Management of large volume of more complex, high exposure claims.
- Branch Claims Supervisor, 1990-1993.
  Supervision of Auto Physical Damage, Liability, PIP, Subrogation.
- Liability/Auto Claims Adjuster, 1987-1990.


*Industry Training:* Claims procedures/standards, including training in: investigation, evaluation, negotiation, coverage investigation, medical review/cost containment programs for both first and third party. DRP process. Colossus tuning and certification. SIU and fraud. Unfair Claims Settlement Practices. Subrogation.

Home office training in APD, Management, Liability (administered through regional office in Vancouver, WA.)

Experience in Personal Lines Auto, Commercial, Homeowners, Professional liability policies.

Conducted training in the claims handling practice and procedure of Liability, APD, PIP, Subrogation. Seminar presentations involving investigation, negotiation, evaluation, PIP, Questionable causation claims.

1

EXHIBIT 1

*Accomplishments:* Numerous Service Awards and Spot Bonuses for exceptional service and contributions. Recipient of 1997 Superior Service Award. Consistent rating as top performer.

## *Presentations (not exhaustive)*

- WSTLA Roundtable, Skagit County, February 2000. Demand packages and negotiating with adjusters.
- ICM Seminar, Portland, OR, November 2001. CLE accredited.
- WSTLA, Auto Cases, Seattle, WA. April 2002. CLE accredited.
- ITLA, Indianapolis, Indiana. October 2002. CLE accredited.
- WSTLA, Tacoma, WA. November 2002. CLE accredited.
- NMTLA, Albuquerque, NM. February 2003. CLE accredited.
- CTLA, Denver, CO. March 2003. CLE accredited.
- OTLA, Portland, OR. March 2003. CLE accredited.
- NTLA, Reno; Las Vegas, April 2003. CLE accredited.
- PaTLA, Pittsburgh, PA, April 2003. CLE accredited.
- PaTLA, Harrisburg, PA, May 2003. CLE accredited.
- PaTLA, Philadelphia, PA, June 2003. CLE accredited.
- ATLA Jazz Fest, New Orleans, LA, April 2004. CLE accredited.
- WSTLA, Seattle, WA October 2007. CLE accredited.
- WSAJ Annual Insurance Law Seminar, Spokane/Tacoma, January 2010. CLE accredited.
- SDTLA. Sioux Falls, SD. April 2010. CLE accredited.
- 360 Advocacy Group. Las Vegas, September 2011. CLE accredited.
- WSAJ, Seattle, WA, March 2012. CLE accredited.
- AAJ Annual Convention, Insurance Law Section. Chicago, July 2012. CLE accredited.

## *Education*
Bachelor of Science, Business Administration, 1978.
Elizabethtown College, Elizabethtown, Pennsylvania

Associate of Arts, Morris County Community College, 1976.
Dover, New Jersey

*Learning in Adulthood,* WWU, 1997
ICAR Courses related to auto physical damage repair
Insurance Institute of America, Program in General Insurance, (INS 21, 22, and 23) 1994
CPCU 7 Management, 1990

2

EXHIBIT 1

# DANIEL M. PLACZEK

## PERSONAL INFORMATION

1804 West Charles Street, Grand Island, Nebraska 68803

## EDUCATION

**Legal**

University of Nebraska College of Law
J.D. Degree, With Distinction, 1981

**Undergraduate**

University of Nebraska – Lincoln
Bachelor of Science, With High Distinction, 1978

## HONORS

Beta Gamma Sigma
Order of Barristers
Associate Editor, Nebraska Law Review, 1980-1981
Member, Allen Moot Court, 1980-1981

## ADMITTED

Nebraska State Bar Association
United States District Court, District of Nebraska

## MEMBER

Fellow, American College of Trial Lawyers
Fellow, International Society of Barristers
American Board of Trial Advocates
Defense Counsel Association of Nebraska
Nebraska Association of Trial Attorneys
Hall County Bar Association
Nebraska State Bar Association
American Bar Association

## AFFILIATION

Partner in the Law Firm of Leininger, Smith, Johnson, Baack,
Placzek & Allen
104 North Wheeler Street, Grand Island, Nebraska 68801

# James F. Cerone, Ltd.
245 Park Avenue
39th Floor
New York, New York 10167
(917) 679-5654   Fax (212) 792-4001
Chicago (312) 943-2412
cerone2@msn.com

James Cerone formed his own Illinois domiciled consulting practice in 1998. This followed service with insurance companies and privately held firms providing consulting services to insurers, self-insurers, regulators, and to purchasers and sellers of insurance companies.

Prior to forming his own firm, he served as Executive Vice President of the Travelers Property Casualty Corporation and President of the technical services division of the claim organization. Prior to joining Travelers, Mr. Cerone served as Senior Consultant and Equity Principal of Milliman & Robertson, Inc. (M&R). At M&R, he founded and directed the claims management consulting practice, specializing in consulting with management on a wide range of strategic and organizational issues. He has provided expert testimony in the course of litigation. His background also includes service as Vice Presidents and Consultants with Tillinghast, Nelson & Warren, Inc.; Kramer Capital Consultants; and senior executive positions with three other U.S. insurers; Commercial Union, John Hancock, and American Reserve. In these positions, he was responsible for organizational design, development and implementation of strategic initiatives, acquisitions, operating systems, training and education, and the general management of large scale claim operations. As a consultant, he serves as a subject matter expert (SME).

Jim Cerone has been active in a number of industry organizations including serving as a member of the claim executive committees of the American Insurance Association and the Alliance of America Insurers where he also served as a member of the legal committee. He is appointed to the National Roster of Neutrals of the American Arbitration Association; and the arbitrator roster of the Reinsurance Association of America. He serves as an arbiter/umpire in insurance disputes, and as a Special Master appointed by the U.S. District Court at Atlanta. He is a Fellow of the James Beard Foundation.

As a guest speaker, Jim Cerone has addressed national meetings of the American Academy of Actuaries on the use of annuity settlements for casualty claims; the Insurance Institute of America on anti-fraud techniques; the Casualty Actuarial Society (CAS), the Canadian Institute of Actuaries, and the Society of Chartered Property and Casualty Underwriters on case basis reserving; the CAS on case reserving generally and for environmental claims, the effects of managed care on medical malpractice exposures, and controlling allocated expenses; the Society of Financial Examiners (SOFE) on the analysis of case reserves; the Illinois Administrators' Academy on insurance procurement; the ISO Technology Conference on using simulation models to optimize claims operations; and, served as a lecturer and trainer to the Illinois Department of Insurance. He has been a member of the M&R faculty, at the U.K., which provides seminars to the European market. He serves as a lecturer/trainer to the claim and commercial lines marketing staff at client insurers. He also provided testimony to the U.S. House Small Business Committee on the Liability Insurance Crisis, and to the State of Connecticut Task Force on Insurance Fraud. He has served as technical advisor to the Federal Emergency Management Agency (FEMA).

Jim Cerone is the author of a monograph for the Massachusetts Bar Association on the use of annuity settlements for casualty claims, an article on case reserving which appeared in Business Insurance and The Examiner, a publication of the SOFE, and articles on voluntary claim payments, and the control of legal costs for Best's Review and the Journal of Insurance Operations. He has also written and recorded a video on "Reviewing Individual Claim Files" for the SOFE.

Mr. Cerone has a B.S. in Business Administration from Villanova University and a M.B.A. from the University of Chicago, Graduate School of Business.

# WILLIAM M. LAMSON, JR.

---

## PERSONAL INFORMATION

11522 Read Circle, Omaha, Nebraska  68142

## EDUCATION

**Legal**

University of Nebraska College of Law
J.D. Degree, 1969

**Undergraduate**

Wayne State College
B.A. Degree, Education, 1966

## ADMITTED

Nebraska State Bar Association
United States District Court, District of Nebraska
U.S. Court of Appeals, Eighth Circuit
U.S. Supreme Court

## MEMBER

Fellow, American College of Trial Lawyers
Fellow, International Society of Barristers
Omaha Bar Association
Nebraska State Bar Association
American Bar Association
Nebraska Association of Defense Lawyers (Director, 1988-1991)
Defense Research Institute
National Association of Railroad Trial Counsel

## AFFILIATION

Partner, Lamson, Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, NE  68114
(402) 397-7300

**WILLIAM M. LAMSON, JR.**

Mr. Lamson is a partner of Lamson, Dugan and Murray and Chairman of the Firm's Litigation Department. His practice encompasses state and federal court trial litigation and appeals, administrative proceedings and arbitrations. Mr. Lamson's litigation practice spans a broad spectrum and includes defending individuals and corporations in commercial matters, environmental, occupational and safety litigation and professional negligence claims.

Mr. Lamson represents individuals and corporations insured by many major insurance companies, including companies that provide coverage to healthcare professionals and entities. In the last twenty years of practice, he has handled a wide range of commercial and insurance defense matters, including breach of contract, hostile takeovers, reinsurance arbitration, insurance coverage, along with the defense of medical and legal malpractice cases.

Mr. Lamson is a 1969 graduate of the University of Nebraska. He was inducted into the American College of Trial Lawyers in 1985 and the International Society of Barristers 1996. He is also a member of the Nebraska Defense Lawyers Association, and a member of the Defense Research Institute.

**Born**
Laramie, Wyoming, June 28, 1943

**Education**
Wayne State College (B.A. Ed., 1966); University of Nebraska at Lincoln (J.D., 1969); Moot Court Board, National Moot Court Team

**Admitted to Bar and Courts**
1969, Nebraska; U.S. District Court, District of Nebraska; U.S. Court of Appeals, Eighth Circuit; U.S. Supreme Court

**Adjunct Faculty**
University of Nebraska College of Law, 1991-1993

**Memberships**
Omaha Bar Association; Nebraska State Bar Association; American Bar Association; Nebraska Association of Defense Lawyers (Director, 1988-1991); Defense Research Institute; National Association of Railroad Trial Counsel

**FELLOW**
American College of Trial Lawyers, International Society of Barristers

**Practice Emphasis**
Civil Litigation