IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BAMFORD, INC., a Nebraska business corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:13CV200 |
| v. | ) ) | |
| REGENT INSURANCE COMPANY, a Wisconsin business corporation, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the motion *in limine* of defendant Regent Insurance Company ("Regent") (Filing No. 142). Regent moves to exclude various pieces of evidence and to overrule anticipated objections made by plaintiff Bamford Incorporated ("Bamford"). The Court finds as follows.

IT IS ORDERED:

1) The defendant's objections to Deposition Exhibits 13, 142, and 41-43 regarding jury verdicts are sustained;

2) The defendant's 403 objection to evidence or statements regarding the racial make-up of the jury in *Davis v. Bamford* was previously ruled upon in Filing No. 134 and is overruled;

3) Ruling is reserved on the issue of "special damages" until the time of trial;

4) The defendant's objections to partial transcripts of medical testimony and selective portions of medical evidence regarding the injuries of Bobby Davis are overruled;

5) The defendant's objections to the piece of pipe that plaintiff claims is similar to the pipe that caused Bobby Davis' groin injuries are sustained;

6) The defendant's objection to excess verdicts, which the Court views as resolved pursuant to its previous order, (Filing No. 147) pertaining specifically to the Robin Deposition, is denied as moot;

7) The defendant's unopposed objections to post-verdict activities related to settlement, posting the appeal bond, or other postjudgment correspondence and communications, except only those regarding the amount agreed to be paid to settle the claims with the Davises are sustained;

8) The objection of the defendant over the use of the word "gamble" is overruled;

9) The defendant's objections to the QBE payment rates to Steve Ahl and Brian Nolan and evidence of litigation management guidelines, auditing bills, and reducing fees pursuant to its previous order (Filing No. 147) is sustained;

10) The defendant's unopposed objections to references of impalement as a form punishment used by governments in the past are sustained;

11) The defendant's objections to QBE's annual earnings and loss ratios pursuant to its previous order (Filing No. 147) are sustained;

12) The defendant's objection to Fee's initial demand of the defendant is overruled;

-2-

13) The ruling in Filing No. 134 is clarified to mean that all evidence of QBE's short term incentive plan and QBE employees' receipt of bonuses shall be excluded from trial;

14) The following edits to Filing No. 147. Under numbered paragraph two of the plaintiff's objections, numbers 40:2-41:24 should be stricken. Therefore, plaintiff's objections 40:2-41:24 in light of the plaintiff's withdrawal of those objections is overruled. Filing No. 153, at 14. Also under numbered paragraph two of the defendant's objections, numbers 27:10-28:10 should be stricken and replaced with numbers 27:15-28:10. Therefore, plaintiff's objections to 27:6-14 are overruled and plaintiff's objections 27:15-28:10 are sustained.

15) Ruling on whether to allow Mediator statements regarding their estimates of the value of the Davis claims is deferred until trial.

DATED this 16th day of January, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court